UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTHEW D. BOLAND, | : | |
|     Plaintiff, | : | CASE NO. 3:18-CV-1958 (MPS) |
| | : | |
| v. | : | |
| | : | |
| LIEUTENANT WILKINS, et al., | : | |
|     Defendants. | : | April 15, 2019 |

## INITIAL REVIEW ORDER

On November 30, 2018, the plaintiff, Matthew D. Boland, a *pro se* inmate currently confined at the Cheshire Correctional Institution ("Cheshire") in Connecticut, brought a civil rights action under 42 U.S.C. §§§§ 1983, 1985, 1986, and 1988 against five Department of Correction ("DOC") officials: Lieutenant Wilkins, Correction Officer Orengo, Correction Officer Duquette, Correction Officer Mulligan, and another official named Mendez. Compl. (ECF No. 1). The plaintiff filed an amended complaint on December 14, 2018. Am. Compl. (ECF No. 7). He claims that the defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at ¶ 1. He is also raising state law claims of intentional infliction of emotional distress, assault, and battery. *Id.* at ¶¶ 14-16. The plaintiff seeks damages against the defendants in their individual capacities and injunctive relief against them in their official capacities. *Id.* at pp. 14-15. On March 5, 2019, Magistrate Judge William I. Garfinkel granted the plaintiff's motion to proceed *in forma pauperis*. See Order No. 14. For the following reasons, the amended complaint is dismissed in part.

I. Standard of Review

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Factual Allegations

On March 6, 2016, the plaintiff was housed in the North Block 1 Unit at Cheshire. Am. Compl. ¶¶ 7, 11. At approximately 10:45 a.m., a "high security inmate" named Joseph Walker came to the plaintiff's cell and threatened to harm him. *Id.* at ¶ 7. The plaintiff tried to inform Correction Officer Bournival about the threat, but before he could

do so, Walker swung his fist at the plaintiff's face. *Id.* Walker missed, and the plaintiff grabbed him in defense to stop the attack. *Id.*

Correction officers immediately responded to the cell and ordered the plaintiff to stop fighting and get on the ground. Am. Compl. ¶ 8. When the plaintiff complied, Officer Orengo placed his knee into his back and pushed his face onto the floor with his forearm. *Id.* Officer Duquette then applied handcuffs to the plaintiff's wrists behind his back. *Id.* The amount of force applied by the officers damaged a vertebra in the plaintiff's back. *Id.*

Orengo and Duquette brought the plaintiff to his feet and escorted him out of the unit. Am. Compl. ¶ 9. During the transport, the plaintiff kicked a food cart out of his way, which prompted Lieutenant Wilkins to discharge a "considerable amount" of chemical agent in his eyes, nose, and mouth "to the point of near unconsciousness." *Id.* Orengo and Duquette then lifted the plaintiff off the ground and "slam[med] him into the wall," causing a sprain in his right wrist and tendonitis in his right shoulder which persists to this day. *Id.* at ¶ 10.

After the attack by Walker and the force used by the defendants, Dr. Syed Naqvi ordered that the plaintiff be immediately transported to the UConn Health Center for treatment. Am. Compl. ¶ 14.

III. <u>Analysis</u>

The plaintiff claims that the defendants violated his Eighth Amendment protection against cruel and unusual punishment and his right to due process under the Fourteenth Amendment by subjecting him to excessive force after the attack by Walker. Am. Compl. ¶¶ 8, 13. He is also raising state law claims for assault, battery, and intentional

3

infliction of emotional distress. The Court will permit his Eighth Amendment claim and state law assault and battery claims to proceed against the defendants in their individual capacities for damages.

A. Personal Involvement

"It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). Although he lists them as defendants to this action, the plaintiff has not alleged any facts showing how Mulligan and Mendez were involved in the events of March 6, 2016. Therefore, he cannot recover damages against those defendants at this time.

B. Eighth Amendment

"[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (quoting *Hudson v. McMillian*, 503 US. 1, 4 (1992)). To establish a claim of excessive force under the Eighth Amendment, the plaintiff must satisfy a subjective and objective component. *See Sims v. Artuz*, 230 F.3d 14, 20-21 (2d Cir. 2000). The subjective component requires a showing that the official's use of physical force was "malicious[] and sadistic[] rather than as part of a good faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 40 (quoting *Hudson*, 503 U.S. at 9). The objective component focuses on the harm done in light of contemporary standards of decency, but the amount of harm that must be shown depends on the nature of the claim.

*Sims*, 230 F.3d at 21; *Banks v. County of Westchester*, 168 F. Supp. 3d 682, 688 (S.D.N.Y. 2016). Although some degree of injury ordinarily will be required, *Banks*, 168 F. Supp. 3d at 688, the plaintiff does not have to show that he sustained a significant injury to prevail on an excessive force claim. *Sims*, 230 F.3d at 22; *Wilkins*, 559 U.S. at 37. A prisoner sufficiently states an Eighth Amendment claim if he "alleges facts from which it could be inferred that prison officials subjected him to excessive force, and did so maliciously and sadistically . . . ." *Sims*, 230 F.3d at 22.

Construing his allegations liberally, I find that the plaintiff has stated a plausible excessive force claim against Orengo, Duquette, and Wilkins. He alleges that Orengo and Duquette pushed his face into the floor and injured his back while subduing him from the fight with Walker and then "slamm[ed]" him into the wall" after Wilkins sprayed him with chemical agent. The plaintiff also alleges that Wilkins deployed an excessive amount of chemical agent into his eyes, nose, and mouth, which almost caused him to lose consciousness. Based on these allegations, the Court will permit the plaintiff's Eighth Amendment excessive force claim to proceed against Orengo, Duquette, and Wilkins in their individual capacities for damages.

C. <u>Fourteenth Amendment</u>

The plaintiff claims that the defendants' actions also violated his rights under the Fourteenth Amendment. To the extent he is claiming a violation of Fourteenth Amendment due process based on the same facts in support of his Eighth Amendment claim, his due process claim cannot proceed. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive

due process, must be the guide for analyzing [the] claim[].'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  The Court has already permitted the plaintiff's Eighth Amendment claim to proceed against Orengo, Duquette, and Wilkins for their use of force on March 6, 2016.  The plaintiff's Fourteenth Amendment claim appears to be based on the same facts.  Therefore, any freestanding Fourteenth Amendment claim is dismissed.

    D.  <u>State Law Claims</u>

In addition to constitutional claims, the plaintiff is asserting state law claims of intentional infliction of emotional distress, assault, and battery.  Am. Compl. ¶¶ 14-16.  This Court can exercise supplemental jurisdiction over a state law claim if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact.

*Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989), *abrogated on other grounds*, *Graham*, 490 U.S. 386; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  In this case, the plaintiff has stated plausible assault and battery claims against Orengo, Duquette, and Wilkins based on their use of force on March 6, 2016.  *See Germano v. Dzurenda*, No. 3:09-CV-1316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011) (defining civil assault as "the intentional causing of imminent apprehension of harmful or offensive contact with another" and battery as "intending to cause harmful or offensive contact with the person of the other or a third person . . .").  Because these claims arise from the same set of facts as his Eighth Amendment claim, the Court will

exercise supplemental jurisdiction over the assault and battery claims and permit them to proceed against Orengo, Duquette, and Wilkins for damages.

The Court does not agree, however, that the plaintiff has stated a plausible claim of intentional infliction of emotional distress. In order to assert a claim for intentional infliction of emotional distress, the plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Miner v. Town of Cheshire*, 126 F. Supp. 2d 184, 194 (D. Conn. 2000) (quoting *Petyan v. Ellis*, 200 Conn. 243, 253 (1986)); *see also Cavuoto v. Oxford Health Plans, Inc.*, No. 3:99-CV-00446 (EBB), 2000 WL 888263 at *8 (D. Conn. June 22, 2000); *DeLaurentis v. New Haven*, 220 Conn. 225, 266-67 (1991). To be held liable for intentional infliction of emotional distress, one's conduct must be "so extreme and outrageous that it goes beyond all possible bounds of decency, is regarded as atrocious, is utterly intolerable in a civilized society, and is of a nature that is especially calculated to cause, and does cause, mental distress of a very serious kind." *Miner*, 126 F. Supp. 2d at 194. Although the defendants allegedly used excessive force against him in subduing an altercation between him and another inmate, the plaintiff has not stated sufficient facts to show that the defendants' actions were extreme and outrageous. The use of force was prompted by the plaintiff's involvement in a physical altercation with the other inmate and his action of kicking a food cart while being escorted out of the unit. Moreover, the plaintiff has not alleged facts showing that

the defendants' conduct resulted in severe emotional distress. Therefore, the intentional infliction of emotional distress claim is dismissed.

E. Claims under §§§ 1985, 1986, and 1988

The plaintiff also appears to be raising claims under §§§ 1985, 1986 and 1988. In order to state a claim under § 1985, the plaintiff must allege:

> (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege. *Importantly, the plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.*

*Harnage v. Dzurenda,* No. 3:14-CV-885 (SRU), 2014 WL 3360342, at *2 (D. Conn. July 9, 2014) (emphasis added); *see also Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). "Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. . . Thus, a prerequisite for an actionable claim under [§] 1986, is a viable claim under [§] 1985." *Harnage*, 2014 WL 3360342, at *2.

In this case, the plaintiff has not alleged any facts showing that the defendants were acting in furtherance of a conspiracy motivated by racial or other unlawful discrimination. *See Sosa v. Lantz*, No. 3:09-CV-869 (JBA), 2010 WL 122649, at *1 (D. Conn. Jan. 5, 2010) (no arguable basis in law for § 1985 or § 1986 claims without facts suggesting that defendant's actions were taken because of plaintiff's race or other unlawful discriminatory animus). Moreover, § 1988 does not create a cause of action; rather it "authoriz[es] the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation . . ." *Oquendo v. Department of Correction*, No. 3:16-CV-1709 (MPS), 2018 WL 1069577, at *5 (D. Conn. Feb. 27, 2018) (quoting *Hensley v.*

8

*Eckerhart*, 461 U.S. 424, 429 (1983)). Therefore, the claims under §§§ 1985, 1986, and 1988 are dismissed.

F. Injunctive Relief

In addition to damages, the plaintiff seeks injunctive relief against the defendants in their official capacities. Am. Compl. p. 15. Specifically, he seeks (1) "a job within the facility," (2) "a comparable mattress," (3) single-cell status in the facility, and (4) "proper and standardized medical care and mental health treatment . . . ." *Id.* However, the claims against the defendants concern only past actions; specifically, their use of excessive physical force on March 6, 2016. There are no facts showing that the defendants are continuously subjecting the plaintiff to excessive force or denying him medical care for his injuries, nor are there facts showing that the plaintiff will suffer any future harm from the defendants. He, therefore, lacks standing to bring a claim for injunctive relief against the defendants. *See Deshawn E. by Charlotte E. v. Safir*, 156 F. 3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future"). Because the plaintiff cannot recover damages against the defendants in their official capacities; *see Kentucky v. Graham*, 473 U.S. 159 (1985); and he lacks standing to bring a claim for injunctive relief, his official capacity claims cannot proceed. *See Watson v. Doe*, No. 1:15-CV-1356 (BKS) (DEP), 2016 WL 347339, at *41 n.5 (N.D.N.Y. Jan. 28, 2016) (dismissing all claims against defendants in official capacities when plaintiff does not seek declaratory or injunctive relief). The case will proceed against the defendants in their individual capacities for damages.

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The Eighth Amendment claim for excessive force and state law claims for assault and battery may proceed against Orengo, Duquette, and Wilkins in their individual capacities for damages. All other claims are dismissed. To the extent the plaintiff can allege facts showing (a) Mulligan's and Mendez's personal involvement in the events of March 6, 2016, (b) a plausible claim for intentional infliction of emotional distress, and/or (c) a claim for injunctive relief, he may file a second amended complaint within thirty (30) days from the date of this order.

(2) The Clerk shall verify the current work addresses for Orengo, Duquette, and Wilkins with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint (ECF No. 7) to those defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and he shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) Orengo, Duquette, and Wilkins shall file their response to the amended complaint (ECF No. 7), either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(4) The Clerk shall send a courtesy copy of the amended complaint (ECF No. 7) and this Order to the DOC Office of Legal Affairs.

(5) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify defendants or defense counsel of his new address.

It is so ordered.

Dated at Hartford, Connecticut this 15th day of April 2019.

/s/ MICHAEL P. SHEA
Michael P. Shea
United States District Judge