UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW BOLAND,
    *Plaintiff,*

v.                                Case No. 3:18CV1958 (MPS)

WILKINS, ET AL.,
    *Defendants*.

**RULING ON PENDING MOTIONS**

In this action, the plaintiff, Matthew Boland, an inmate currently in the custody of the Connecticut Department of Correction ("DOC"), alleges claims of violation of his Eighth Amendment rights and assault and battery against defendants Correction Officer Orengo, Correction Officer Duquette, and Lieutenant Wilkins.

The plaintiff has filed several motions with regard to discovery and scheduling, and defendants have filed a motion to seal video exhibits to their motion for summary judgment. Upon review, the court makes the following rulings.

**Discussion**

"Where a party 'fails to produce documents . . . as requested,' Federal Rule of Civil Procedure 37 permits '[the] party seeking discovery . . . [to] move for an order compelling an answer, designation, production or inspection.'" *In re Aggrenox Antitrust Litig.*, 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017) (quoting Fed. R. Civ. P. 37(a)(3)(B)); *see also Scott v. Arex, Inc.*, 124 F.R.D. 39, 40 (D. Conn. 1989). The Federal Rules are to be construed liberally in favor of discovery. *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004). All "[m]otions relative to discovery," including motions to compel, "are addressed to the discretion of the [district] court." *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981). "Rule

26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

**Motion to compel [ECF No. 31 ]**

The plaintiff's motion to compel [ECF No. 31] is MOOT. The plaintiff has filed a subsequent motion to compel [ECF No. 34] related to the same interrogatories after the defendants' response thereto.

**Motion for extension of time [ECF No. 33]**

The plaintiff's motion for extension of time [ECF No. 33] requesting an extension on discovery and for filing motions for summary judgment is MOOT in light of the plaintiff's subsequent motion for extension of time for discovery, defendants' filing of the motion for summary judgment, and the plaintiff's motion for a stay and/or denial of defendants' motion for summary judgment. [ECF Nos. 39, 40, 43].

**Motion to compel [ECF No. 34]**

The plaintiff's motion to compel [ECF No. 34] is DENIED in part and GRANTED in part. The plaintiff has represented that he has attempted to contact the defendants' counsel with regard to his discovery requests, but that the defendants' counsel refused to allow the call. [ECF No. 44 at 1]. Defense counsel represents that he was advised of the call from the plaintiff's correctional counselor but the reason for the call was unknown, and counsel advised the correctional counselor that he was unavailable, although the plaintiff could schedule a call in the future. [ECF No. 45 at 1]. In their objection, the defendants have indicated that they have responded to the interrogatories. [ECF No. 35, exs. 1-3].

In his interrogatories #5 to Orengo and Wilkins, the plaintiff asked whether the defendants had been sued before. [ECF No. 35, exs. 1 & 3 at 1]. The defendants have not provided the plaintiff with information regarding prior lawsuits against defendants Orengo and Wilkins because the plaintiff's interrogatory was overbroad without limitation as to time or scope. [ECF No. 35, exs. 1, 3]. Because this case involves claims of alleged excessive force, the defendants Orengo and Wilkins should, within 30 days of this order, provide the plaintiff with information about past lawsuits against them involving excessive force claims from the past five years.

In his interrogatory #6 to Orengo and Duquette and #8 to Wilkins, the plaintiff requested information regarding the defendants' responsibility about escorting an inmate near "moving objects." [ECF No. 35, exs. 1-3]. The defendants responded that the interrogatory was an improper hypothetical question that was not relevant to the case. *Id.* In his reply, the plaintiff explains that he meant to ask whether defendants have any responsibility regarding escorting an inmate near "moveable objects," which he asserts is relevant to the circumstances of this case involving moveable tables that allegedly blocked the walkway. [ECF No. 44 at 2, 3]. The plaintiff has stated in his deposition that he kicked the juice cart. The issue of whether he was escorted near a moveable object is not relevant to whether the defendants used excessive force after he kicked the moveable table.

In his Interrogatory #7 to Wilkins, the plaintiff asked: "When an inmate is handcuffed behind his back with one Correctional Officer holding his right arm and another Correctional Officer holding his left arm, escorting the inmate, is it legal for you to spray that inmate with an excessive amount of chemical agent or any chemical agent at that point?" Defendant Wilkins

responded that the interrogatory was an improper compound question. [ECF No. 35, ex. 3 at 8]. In his reply, the plaintiff represents that he wants to know if Wilkins should be held responsible for spraying the plaintiff with a chemical agent while he was already handcuffed and under control. [ECF No. 44 at 2]. Within 15 days of this order, the plaintiff may serve the defendant Wilkins with a rephrased interrogatory requesting the information regarding Department policy concerning use of a chemical agent on an inmate. The defendants are instructed to provide their responses to plaintiff within 30 days of receiving the rephrased discovery requests. The court otherwise sustains defendants' objection to the motion to compel.

**Plaintiff's motion for extension of time to complete discovery [ECF No. 40]**

The plaintiff has requested an extension of time for discovery. In light of the foregoing rulings, the court will extend discovery by 60 days. The motion for extension of time [ECF No. 40] is GRANTED.

**Plaintiff's Motions to Withdraw, to Stay, and for Order [ECF Nos. 42, 43, 46]**

The plaintiff requests to withdraw his response to the motion for summary judgment due to his misunderstanding of the legal requirements for responding to the motion for summary judgment. The Court GRANTS the motion to withdraw. [ECF No. 42].

The plaintiff requests the court to stay the motion for summary judgment or to deny it because discovery has not yet been completed. This motion [ECF No. 43] is DENIED. However, the court affords the plaintiff additional time to file his response to the motion for summary judgment until **April 10, 2020.**

The plaintiff requests an order on his motions now that he has fully responded. This motion [ECF No. 46] is GRANTED.

**Defendants' motion to Seal [ECF No. 36]**

Defendants' motion to seal the video recordings from within the Cheshire Correctional Institution [ECF. No. 36] is GRANTED. Defendants assert that safety and security concerns will be compromised if the video's contents, showing layout of the Cheshire Correctional Institution and security procedures, are available to public inspection. [ECF No. 36-1 at 1-3]. Additionally, one of the videos implicates the plaintiff's medical privacy concerns. The Court finds that sealing is supported by clear and compelling reasons and narrowly tailored to serve those reasons. D. Conn. L. Civ. R. 5(e). *See, e.g.*, *Gulley v. Semple*, No. 3:16-CV-425 (MPS), 2017 WL 1025168, at *2 (D. Conn. Mar. 16, 2017) (sealing video where "the disclosure of the recordings to the public would reveal security procedures and the interior design of the correctional facility" so "that disclosure of this information to the public could endanger institutional safety and security"). Additionally, the sealing is appropriate to maintain the confidentiality of the plaintiff's medical information. *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) (district courts routinely seal medical records.).

**Plaintiff's motion for a status conference [ECF No. 47]**

The plaintiff's motion for a status conference [ECF No. 47] is DENIED. Once discovery is completed and the Court has ruled on the Defendants' motion for summary judgment, the Court may then schedule a conference.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel **[ECF No. 31 ]** is **MOOT**; motion for extension of time **[ECF No. 33]** is **MOOT**; motion to compel **[ECF No. 34]** is

**DENIED in part and GRANTED in part**; the motion for extension of time **[ECF No. 40]** is **GRANTED**; the motion to withdraw **[ECF No. 42]** is **GRANTED**; the motion to stay or deny **[ECF No. 43]** is **DENIED**; the motion for order **[ECF No. 46]** is **GRANTED** and the motion for status conference **[ECF No. 47]** is **DENIED**.  Defendants should file a notice that they have complied with the plaintiff's discovery requests.

The defendants' motion to seal **[ECF No. 36]** is **GRANTED.**

**Discovery is extended by 45 days, and the plaintiff's deadline to file a response to the motion for summary judgment is extended to April 10, 2020.**

SO ORDERED at Hartford, Connecticut this 4th day of February, 2020.

_____/s/_____
Michael P. Shea
United States District Judge