UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW D. BOLAND,

    *Plaintiff*,

v.

WILKINS, et al.,

    *Defendants*.

No. 3:18cv1958 (MPS)

**RULING ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

In 2018, the plaintiff, an inmate at Cheshire Correctional Institution, commenced this action against three corrections officers alleging excessive force and assault claims arising from a March 2016 incident. On June 11, 2020, the plaintiff filed a motion for temporary restraining order and preliminary injunction seeking a transfer to another correctional facility. (ECF No. 50.) For the reasons set forth below, the motion is denied.

**I.    FACTS**

In the pending motion, the plaintiff alleges that certain other corrections officers – not the defendants - have threatened him "because of this pending lawsuit . . . ." (ECF No. 50 at 1.) These officers, who are "friends of the defendants," told the plaintiff that "if he did not drop [his] lawsuit, [he] would regret it." *Id*. He further alleges that these officers told him they "would put [him] in segregation and would spit in [his] food." *Id*. According to the plaintiff, "[t]he staff are conspiring to cause [him] bodily injury, beatings, and the possibility of even death" and he "fears for his life" while in the facility. *Id*. In a supplemental filing made in response to the Court's order (ECF No. 51), the plaintiff identified Officer Salgado and Lieutenant Wright, who are not parties, as the officers at issue in his motion. ECF No. 52. He alleges that Officer Salgado has conducted two

searches of the plaintiff's cell, threw his belongings, and threatened to move him to segregation if he did not drop the lawsuit. ECF No. 52 at 1. As to Lieutenant Wright, the plaintiff alleges that he retaliated against the plaintiff on April 5, 2019 by placing him in segregation because the plaintiff tattooed his cellmate. *Id.* According to the plaintiff, he was found guilty "without any real evidence to support the report." *Id.* The plaintiff requests as relief an immediate transfer to a different facility. (ECF No. 52 at 2.)

## II.  LEGAL STANDARD

"In the Second Circuit, the standard for issuance of a temporary restraining order ("TRO") is the same as the standard for a preliminary injunction." *Fairfield Cty. Med. Ass'n v. United Healthcare of New England*, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), *aff'd as modified sub nom. Fairfield Cty. Med. Ass'n v. United Healthcare of New England, Inc.*, 557 F. App'x 53 (2d Cir. 2014). "A preliminary injunction is a temporary measure intended to furnish provisional protection while awaiting a final ruling on the merits." *Ramos v. Town of Vernon*, 208 F.3d 203 (2d Cir. 2000). A party seeking a preliminary injunction "must demonstrate (1) that it is likely to suffer irreparable harm absent an injunction and (2) a likelihood of succeeding on the merits." *Jordan v. New York City Bd. of Elections*, No. 20-1554-CV, 2020 WL 3168509, at *1 (2d Cir. June 15, 2020) (citing *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635–37 (2d Cir.), *cert. granted*, 140 S. Ct. 660 (2019)). "[W]here the movant is seeking to modify the status quo by virtue of a mandatory preliminary injunction (as opposed to seeking a prohibitory preliminary injunction to maintain the status quo), . . . the movant must also: (1) make a strong showing of irreparable harm, and (2) demonstrate a clear or substantial likelihood of success on the merits." *Yang v. Kosinski*, 960 F.3d 119, 127–28 (2d Cir. 2020) (internal quotation marks, footnotes, and citations omitted).

## III.  DISCUSSION

The defendants in this lawsuit are not the subject of the plaintiff's motion for injunctive relief. Rather, the plaintiff alleges that other corrections officers who are not parties to this action (i.e., non-defendants) are threatening him.

Except in limited circumstances not relevant here, "a Court may not order injunctive relief as to nonparties to the action." *Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *3 (N.D.N.Y. Apr. 28, 1998). "[I]t is fundamental that equitable relief pursuant to Fed. R. Civ. P. 65(b) requires a complaint alleging a federally cognizable claim against the party over whom the court has personal jurisdiction and against whom equitable relief is sought." *Jones v. J.C. Penney's Dep't Stores*, Inc., No. 03-CV-0920A(F), 2005 WL 1313442, at *2 (W.D.N.Y. May 31, 2005). *See Mitchell v. Cuomo*, No. 917CV0892, 2017 WL 8780773, at *6 (N.D.N.Y. Dec. 6, 2017)("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. . . . To the extent that Plaintiff seeks injunctive relief against . . . any persons who are not parties . . . the Court lacks subject matter jurisdiction to enjoin their actions."). Because the plaintiff's motion seeks relief related to alleged actions by non-parties over whom the Court lacks jurisdiction and against whom no claim has been made in this action, the motion is denied.

**IV.   CONCLUSION**

Accordingly, the plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 50, is DENIED.

IT IS SO ORDERED.

Dated: July 20, 2020
       Hartford, Connecticut

                                                        /s/
                                           Michael P. Shea, U.S.D.J.